THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No. 2:23-cv-4852

TOM HUSSEY PHOTOGRAPHY, LLC,

Plaintiff,

v.

ACCUCARE HOME NURSING, INC.,

Defendant.

---

## COMPLAINT

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") sues defendant AccuCare Home Nursing, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Dallas, Texas.

2. Defendant is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1999 Sproul Road, Suite 1, Broomall, Pennsylvania 19008.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Pennsylvania such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff's principal/sole member (Tom Hussey) is a well-known and highly regarded photographer specializing in commercial advertising and lifestyle photography.

7. Respected industry wide for his lifestyle photography and admired for his lighting techniques, Mr. Hussey has worked on local, national, and international advertising/marketing campaigns during the course of his long career as a professional photographer.

8. Mr. Hussey has received numerous awards and accolades throughout his career, including several ADDY awards (from the American Advertising Federation), being named as one of the 'Top 10 Creatives in the World' by Adweek Magazine, being selected as one of the 'Top 200 Advertising Photographers Worldwide' by Luerzer's Archive, and having his work featured in the Communication Arts Photography Annual.

### II. The Work at Issue in this Lawsuit

9. From 2009 through 2012, Mr. Hussey created a series of highly conceptual photographs titled "Reflections," showing elderly people looking pensively at their younger self-reflections in a mirror.

10. The project was commissioned by Novartis in connection with a marketing campaign for the introduction of its new Alzheimer's drug called the Exelon Patch.

11. To create the 'Reflections' photographs, Mr. Hussey worked with a multitude of adult models in both the New York City area and in Paris, France on four different photo shoots from 2009 through 2012. Those photo shoots required multiple dates on location and dozens if not hundreds of hours in post-processing.

12. The 'Reflections' series was so well-received that it won a Gold ADDY award from the American Advertising Foundation and all of the images were utilized as part of Novartis' ad campaign.

13. Mr. Hussey published a total of approximately sixteen (16) photographs as part of the 'Reflections' series. One (1) of those photographs is the subject of this lawsuit. This photograph depicts an elderly woman viewing her younger self (as a teacher) and is titled "N-46-Korean-Teacher" (the "Work"). A copy of the Work is displayed below:



14. The Work was registered by Mr. Hussey with the Register of Copyrights on June

8, 2009, and was assigned Registration No. VAu 990-319. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

15. In 2019, Mr. Hussey executed an Assignment and Transfer of Copyrights that transferred all of his rights, title, and interest to all of Mr. Hussey's copyrights (including but not limited to the Work) to Plaintiff. As a result thereof, Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III. Defendants' Unlawful Activities**

16. Defendant is a home care agency that provides "[p]remier home care services ranging from nursing visits, 24-hour nursing shift care, to personal care and live-in services" with five locations in Pennsylvania.

17. Defendant advertises/markets its business primarily through its website (https://accucarehomenursing.com/) and social media (e.g. https://www.facebook.com/accucareallentownpa).

18. On March 22, 2020 (after Mr. Hussey's above-referenced copyright registration of the Work), Defendant published a copy of the Work on its website, webpage, and/or social media: (at https://www.facebook.com/accucareallentownpa/photos/pb.100046893430632.-2207520000./2923934374351477/?type=3):


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228




19. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

21. Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

22. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on March 8, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

24. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright of the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its Facebook page.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 AccuCare Home Nursing"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: December 8, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
pleadings@copycatlegal.com
joboyle@oboylelawfirm.com

By: /s/ Jonathan O'Boyle
Jonathan O'Boyle, Esq.
*Of Counsel*
PA Bar 314500